No. 2357

Second Circuit Appeal

---

FRED BELL v. MERCHANTS COTTON OIL COMPANY

---

(July 23, 1925, Opinion and Decree.)
(Oct. 21, 1925, Rehearing Refused.)

(Judgment Court of Appeal Affirmed. See Supreme Court Docket 27,614.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Master and Servant—Par. 154, 159.

Under Section 8, Subsection 1 (d), of the Workmen's Compensation Act, No. 20 of 1914 any injury to a member less than that provided for should not be regarded as serious but as a trifling injury not entitling the workman to compensation.

2. Louisiana Digest—Master and Servant—Par. 159, 159 (a).

Where an injured employee suing under the Workmen's Compensation Act, No. 20 of 1914, lost one phalanx of a finger he cannot recover under Section

8, Subsection 1 (e), as the loss is not sufficiently serious.

(The recent amendment of Section 8 of Act No. 20 of 1914 is Act 216 of 1924.)

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. E. P. Mills, Judge.

This is a suit for compensation under the Workmen's Compensation Act No. 20 of 1914 is judgment for plaintiff and defendant appealed.

Judgment reversed.

Long & Crow, of Shreveport, attorneys for plaintiff, appellant.

Browne & Browne, of Shreveport, attorneys for defendant, appellee.

CARVER, J. Plaintiff sues for compensation under the Workmen's Compensation Law (Act 20 of 1914, section 8, as amended by Act 216 of 1924).

The sole injury is the loss of one phalanx of the third finger of plaintiff's right hand. It is conceded that the injury did not disable plaintiff even partially.

The District Judge allowed compensation at $3 a week for 100 weeks under clause (e) of subsection 1 of section 8 which reads as follows:

"In cases not falling within any of the provisions already made where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a member or any physical function is seriously permanently impaired, the court may allow such compensation as is reasonable in proportion to the compensation hereinabove specifically provided in cases of specific disability above named, not to exceed sixty-five per centum of wages during one hundred weeks."

Under clause (d) of that sub-section compensation is fixed for various specific injuries amongst which is sixty-five per centum of wages during thirty weeks for the loss of the first finger and the same percentage during twenty weeks for the loss of any other finger. This clause fur-

ther provides that the loss of the first phalanx of the thumb or two phalanges of any finger shall be considered equal to the loss of one-half of the member affected and the compensation shall be one-half of the amount specified for the loss of the entire member.

The Supreme Court in Garr vs. Wyatt Lumber Co., 147 La. 690, 85 South. 640, interpreted subsection (e) above mentioned as fixing definitely the period of payment at 100 weeks and giving discretion to the judge only as to the percentage of wages.

Another section of the compensation law provides that the minimum weekly compensation in any case shall be $3 per week. If plaintiff is entitled to compensation in this case, therefore, the minimum amount which can be allowed is $500.

If a workman loses two phalanges of any finger except the first, he would be entitled to 65% of wages for ten weeks. Unless his wages were over $46 a week, 65% of which would be $29.96, he would get less than $30 a week and for only ten weeks or less than $300 in all.

In this case plaintiff's wages being $13.50 per week 65% of which is $8.77½, he would be entitled, for the loss of two phalanges, to only $87.75. But if the injury is compensable under clause (e) the allowance must be $300 or more.

If plaintiff's contention is correct, that the loss of one phalanx not being covered by subsection (d) must necessarily be covered by subsection (e), then for the loss of one phalanx of a finger the compensation would be greater than for the loss of two phalanges.

We do not think the legislature intended any such result as this. We think that clause (e) is intended to cover, not all cases of trifling injury, but only cases resulting in a serious permanent disfigurement about the face or head or a serious permanent impairment of the usefulness of a member or a physical function.

As providing as it did in subsection (d) for compensation for specific injuries for the whole and for parts of certain members, we think it intended that any injury to a member less than that provided for should not be regarded as serious but as a trifling injury not entitling the workman to compensation.

For these reasons it is decreed that the judgment of the lower court be set aside and plaintiff's demands rejected and his suit dismissed at his costs.