No. 2666

Second Circuit

---

FULLER vs. ROBINSON CONSTRUCTION COMPANY

---

(June 30, 1926. Opinion and Decree.)
(January 31, 1927. On rehearing, judgment by consent in favor of plaintiff for $60.00 and plaintiff to pay the cost of suit.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant —Par. 159, 160 (a).**
Where an injured employee is able to work with small tools after the accident as well as he did before the accident, actually received wages in excess of that received at the time of the accident, there is no disability and no compensation will be paid under the Workmen's Compensation Act No. 20 of 1914.

2. **Louisiana Digest—Master and Servant —Par. 159, 160 (a).**
A small scar on the inner surface of the last phalange of his finger is not a serious permanent impairment of the finger in the meaning of Section 8, Subsection 1 (e), of the Workmen's Compensation Act No. 20 of 1914, as amended by Act 216 of 1924.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Liner Fuller against Robinson Construction Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Vernis Morgan, of Shreveport, attorney for plaintiff, appellant.

Pugh & Boatner, of Shreveport, attorneys for defendant, appellee.

WEBB, J.  In this action the plaintiff, Liner Fuller, seeks to recover judgment against the defendant, Robinson Construction Company, for compensation under the Employers' Liability Act for total permanent disability to do any work of a reasonable character, alleged to have resulted from injuries received by plaintiff when in the discharge of his duties in working around a steam dredging machine being operated by defendant.

The defendant answered, denying the allegations of plaintiff's petition, and on trial judgment was rendered rejecting plaintiff's demands, from which judgment plaintiff appeals.

## OPINION

The plaintiff while in the employ of defendant on December 15, 1924, at a daily wage of three dollars, was placing grease on the cogs of a dredging machine and in some manner the middle and third finger of his left hand came in contact with the machinery, causing injuries from which he was laid off for a short time, after which he returned to his employment, where he worked for about two weeks, receiving the same wages as before the accident.  After quitting his employment he went to the oil fields, where he drove a team for some months, receiving wages of $3.50 per day, and after this employment he returned to his home and had been engaged in getting out crossties for his own account for about five months prior to the date of the trial.

This action was filed on November 17, 1925, and trial was had on February 9, 1926, at which time there was a scar on the inner surface of the last phalange of the middle finger of plaintiff's right hand, which he claimed was sensitive to such an extent that he could not handle small objects or grasp tools, such as the handle of shovels, without pain, and that this necessitated his holding his finger away from the object grasped, and this would cause pain in the back of his hand.

The physician called by plaintiff was of the opinion that, considering the place of the scar, the pain of which plaintiff complained was reasonable, and that he would be disabled to a certain extent in grasping small objects, while the physician called by defendant was of the opinion that the scar did not affect his ability to use the hand.

The plaintiff was at the time of the injury doing manual labor which required the use of small tools or implements, which it was necessary for him to grasp, and after the injury was received he took up the same work and has been since continuously engaged in employment which required the use of like or similar tools, or instruments, receiving for his services wages in excess of that received at the time of the accident, and under such circumstances we do not think it can be said that plaintiff was disabled from doing work of any reasonable character under either of Subsections (a), (b) or (c) of the statute; and we are also of the opinion that the evidence fails to show that the scar on the inner surface of the last phalange of the finger is not such as could be considered as having produced serious permanent impairment of the finger within the meaning of Subsection (e) of the statute.  (Fred Bell vs. Merchants Cotton Oil Co., 2 La. App. 564.)

The judgment is affirmed.